UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEGHAN A. MUNCY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-272-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID MATTHEW MUNCY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Meghan Muncy is a resident of Richmond, Kentucky. Proceeding without counsel, Muncy filed a civil rights action against numerous defendants, most of whom have filed motions to dismiss the claims made against them. [Records Nos. 14, 15, 16, 18, 19, 20, 28, 32] Muncy filed responses to two of the motions but made substantive arguments only in response to the motion filed by Defendant David Muncy. [*See* Record Nos. 24 (EKU Response), 31 (Muncy Response).] Having reviewed the matter, the undersigned concludes that all the motions to dismiss should be granted except that filed by the Eastern Kentucky University Police Department and Officers Johnson, Kirunchyk, and Brandenburg. The motions filed by those defendants will be granted in part and denied in part.

**I.**

Plaintiff Meghan Muncy (hereafter, "Plaintiff" or "Muncy") and Defendant David Muncy (hereafter, "David") are involved in divorce and child custody proceedings in state court. *See Muncy v. Muncy*, 23-CI-50524 (Madison Circuit Court, Nov. 6, 2023). The Plaintiff filed this action against David and several other individuals and entities on November 30,

- 1 -

2024. While her Complaint is low on factual allegations, she contends that David, who is a physician, used his influence to have her arrested and committed to a psychiatric hospital, which resulted in violations of her constitutional rights and negatively impacted her ability to gain custody of the children.[1]

Muncy named the following defendants: David Muncy; the Eastern Kentucky University ("EKU") Police Department; EKU Police Officer Derek Kirunchyk; EKU Police Officer Marcus Johnson; EKU Police Officer Kenny Brandenberg; Officer Heft; Judge Kimberly Blair Walson; Judge William Fooks; Guardian Ad Litem Emily Campbell; Attorney Nancy M. House; the Berea Police Department; Berea Police Officer Sam Shearer; Berea Police Officer Steve Wood; the Ridge Behavioral Health System; Dr. Brian Greenly; Eastern State Hospital; Dr. Snehamala Veeravalli; Dr. Adam Roe; University of Kentucky Psychiatric and Behavioral Healthcare; Dr. Rachele Yadon; Dr. Jonathan Bilbro; and Dr. Samuel Potter.

Muncy claims in Count I of her Complaint that the EKU Police Department and Officers Johnson, Kirunchyk, and Brandenburg violated her rights under the Fourth Amendment by unlawfully detaining her and subjecting her to excessive force. She alleges in Count II that Judges Walson and Fooks deprived her of her Fourteenth Amendment rights by "failing to ensure due process" and by separating her from her children through "biased judicial decisions." In Count III, Muncy alleges that the Berea Police Department and Officers Shearer and Wood demonstrated deliberate indifference to her safety and her children's welfare by "fail[ing] to investigate and act on Plaintiff's reports of abuse." Next, Muncy alleges in Count

---

[1] Muncy filed an Amended Complaint on December 3, 2024. [Record No. 12]. For simplicity's sake, the Court will refer to the Amended Complaint as "Complaint." *See Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) (observing that "[a]n amended complaint supersedes an earlier complaint for all purposes").

IV that "Defendants, including David Muncy, Nanci M. House, Dr. Brian Greenly, and others, conspired to manipulate legal and medical systems to deprive Plaintiff of her constitutional rights." In Count V, Muncy asserts that "[d]efendants engaged in deliberate actions designed to cause Plaintiff severe emotional and psychological trauma." Finally, in Count VI, Muncy contends that Defendants EKU Police Department and Officers Johnson, Kirunchyk, and Brandenberg caused her physical injuries from their use of handcuffs, as well as a dislocated breast implant through their "negligent and excessive use of force."

Muncy seeks monetary damages together with injunctive relief in the form of "systemic changes within law enforcement and judicial systems" and "immediate reunification of Plaintiff with her children and nullification of decisions that allowed their relocation to Ohio." Many of the defendants have filed motions to dismiss Muncy's claims against them. [*See* Record Nos. 14, 15, 16, 18, 19, 20.] Muncy filed a substantive response in opposition to David's motion to dismiss. [*See* Record No. 31.]

Having carefully reviewed the matters the Court finds that all of the motions should be granted with the exception of the motion filed by EKU and its police officers. While that motion will be granted in part, Muncy will be permitted to go forward with her excessive force and negligence claims against the individual officers.

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the plaintiff's complaint. To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court construes the complaint in the light most favorable to the plaintiff and accepts its factual

allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *DirecTV , Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III.

### A.     University of Kentucky and Eastern State Hospital

Muncy claims that the University of Kentucky Psychiatric and Behavioral Healthcare "supported false medical narratives" that contributed to her wrongful detention. [Record No. 12 at 4] She further alleges that Eastern State Hospital violated her rights through "coerced medication" and breaches of HIPAA. *Id.* While Muncy has failed to allege a cognizable claim against either of these entities, each has established that it is entitled to sovereign immunity.

It is well-established that the University of Kentucky Medical Center enjoys sovereign immunity. *See Sharma v. UK Healthcare-Turfland*, 2024 WL 5121020, at *1 (E.D. Ky. Dec. 16, 2024) (citing *Withers v. University of Kentucky*, 939 S.W.2d 340, 343 (Ky. 1997)). *See also Henricks v. Pickaway Corr. Inst.*, No. 2:08-cv-580, 2009 WL 89200 (S.D. Ohio Jan. 7, 2009) (observing that a state university medical center is not a person that can be sued under 42 U.S.C. § 1983). Eastern State Hospital also has established that it also is entitled to sovereign immunity. It is owned by the Commonwealth of Kentucky Cabinet for Health and Family Services Department for Behavior Health and Intellectual Disabilities and is operated and controlled by the University of Kentucky. [*See* Record No. 15 at 5.] *See also Denoma for and on behalf of S.D. v. Eastern State Hosp.*, 5:22-CV-289, 2024 WL 966372, at *2 (E.D. Ky. Mar. 6, 2024).

None of the exceptions to sovereign immunity applies in this case. *See Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016) (discussing the three

exceptions). Further, Muncy failed to respond to these defendants' motion to dismiss, thus forfeiting any argument to the contrary. Accordingly, Muncy's claims against University of Kentucky Psychiatric and Behavioral Healthcare and Eastern State Hospital will be dismissed.

### B.    Judge William Fooks and Judge Kimberly Walson

Muncy alleges that Judge Fooks and Judge Walson violated her rights under the Fourteenth Amendment through biased judicial decision making. But to the extent Muncy seeks money damages from Judge Fooks and Judge Walson, they are immune from liability for damages for acts committed within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). This "settled principle of law" was not abolished by 42 U.S.C. § 1983. *Id.* And as the Supreme Court has explained, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and, accordingly, is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

Judge Fooks' and Judge Walson's consideration of evidence and child custody decisions fell squarely within their roles as family court judges. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Thus, any claims for money damages are barred by judicial immunity.

Muncy also seeks "immediate reunification" with her children and "nullification of decisions that allowed their relocation to Ohio." This Court, however, lacks jurisdiction to issue child custody decrees. *See Johnson v. Collins*, 2015 WL 4546794, at *3 (E.D. Ky. July

28, 2015) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).  Moreover, federal district courts do not have jurisdiction over challenges to state court decisions.  *See Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. June 13, 2013) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Accordingly, all of Muncy's claims against Judge Fooks and Judge Walson will be dismissed.

### C.  Emily Campbell

Emily Campbell was appointed by the Madison Family Court in 2023 to serve as Guardian ad Litem for Meghan and David Muncy's two minor children.  [Record No. 18-1 at 1]  Muncy alleges that Campbell "neglected her duty to act impartially and failed to consider evidence of abuse impacting [Muncy's] children."  [Record No. 12 at 4]  Muncy does not identify Campbell in any particular count of the Complaint.

Construing the Complaint in the light most favorable to Muncy, the allegations to not make out any valid claim for relief against Campbell.  Regardless, a guardian ad litem is entitled to absolute immunity for activities performed within the scope of his or her appointment.  *See Gambrel v. Croushore as Next Friend of Villarreal*, 638 S.W.3d 452, 459-60 (Ky. Ct. App. 2021); *Evans v. Downey*, No. 1:15-CV-00117-GNS, 2016 WL 3562102, at *3 (W.D. Ky. June 24, 2016) (citing *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984)).  Accordingly, Muncy's claim against Campbell will be dismissed.

### D.  Nanci House

Defendant Nanci House was David's attorney in the family court proceedings.  Muncy alleges that House "assisted [David] in manipulating court proceedings and shielding him from accountability."  She further alleges that House "utilized her legal expertise to manipulate court

- 6 -

records, ensuring that evidence unfavorable to [David] was excluded or ignored." *Id.* at 7. Muncy contends that, through these actions, House participated in a conspiracy to deprive Muncy of her constitutional rights.

For the most part, Muncy's allegations simply indicate that House engaged in the practice of law. Muncy's vague, conclusory allegation that House "manipulate[d] court records" does not identify any private cause of action and fails to state a claim upon which relief can be granted. Moreover, Muncy has not alleged any facts indicating that House, a private attorney, could be considered a state actor for purposes of a constitutional claim under 42 U.S.C. § 1983. *See Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (explaining when private conduct is fairly attributable to the state). Thus, Muncy's claim against House will be dismissed.

### E.   David Muncy

Muncy claims that David "manipulated legal, law enforcement, and medical systems to create a false narrative of Plaintiff's mental instability, leading to unlawful detention and the separation of Plaintiff from her children." She does not articulate any clear cause of action against David except a civil conspiracy to deprive her of constitutional rights. But this claim fails for multiple reasons—most obviously because there is no suggestion that David, a private citizen, acted under color of law. *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). To the extent Muncy suggests David is liable for providing information to police, the provision of such information does not subject him to liability for actions taken under color of law. *See Jackson v. Pollard*, No. 5:20-cv-00041, 2022 WL 993826, at *3 (W.D. Ky. Apr. 1, 2022) (citing *Zavatson v. City of Warren, Mich.*, 714 F. App'x 512, 520 (6th Cir. 2017)). Accordingly, any claims against David for violations of constitutional rights will be dismissed.

### F. Dr. Snehamala Veeravalli and Adam Roe, PA-C

The nature of Muncy's claims against these defendants is not entirely clear. In fact, she did not mention Roe at all in the factual allegations of her Complaint. Thus, she has failed to allege a plausible claim for relief against Roe and any claims against him will be dismissed.

Muncy indicates that Veeravalli violated unspecified rights through "coerced medication" and by discussing her confidential health information with David Muncy. While Muncy does not explicitly say so, she suggests that Veeravalli participated in a conspiracy to violate her constitutional rights. Assuming for argument's sake that Veeravalli was acting under color of law as an employee of Eastern State Hospital, Muncy has failed to sufficiently allege a claim for civil conspiracy under 42 U.S.C. § 1983.

"A civil conspiracy claim under § 1983 . . . lies where there is 'an agreement between two more persons to injure another by unlawful actions.'" *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To survive a motion to dismiss, the plaintiff must plead sufficient facts to support a reasonable inference that "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (internal quotations omitted). "[C]onspiracy claims must be pled with some degree of specificity." *Gutierrez v. Lynch*, 82 F.2d 1534, 1538 (6th Cir. 1987).

Muncy's vague factual allegations are insufficient to state a plausible claim that *a single plan* existed to deprive her of a constitutional right, that conspirators shared an objective to deprive her of that right, and that Veeravalli joined that conspiracy. Based on the foregoing, Muncy's claims against Veeravalli and Roe will be dismissed.

### G.  Berea Police Department and Officers Shearer and Wood

Muncy claims that the Berea Police Department and Berea Police Officers Shearer and Wood were deliberately indifferent to her safety and the welfare of her children by failing to investigate and act on Muncy's reports of abuse. As an initial matter, the Berea Police Department is not a "person" that may be sued under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Further, Muncy does not include sufficient factual allegations to state a plausible claim for relief against the individual officers. For example, she does not describe any instance in which she reported abuse to Shearer or Wood.

Regardless, "a [s]tate's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Muncy does not allege any facts indicating that an exception to this rule would apply. *See Cartwright v. City of Marine City*, 336 F.3d 487, 491 (6th Cir. 2003) (recognizing the in-custody and state-created-danger exceptions). Accordingly, she has failed to state a claim upon which relief may be granted against these defendants and their motion to dismiss will be granted.

### H.  EKU Police Department and Officers Johnson, Kirunchyk, and Brandenberg

Muncy also claims that the EKU Police Department and EKU Police Officers Johnson, Kirunchyk, and Brandenberg unlawfully detained her and subjected her to excessive force on October 6, 2023, in violation of her rights under the Fourth Amendment. Like the Berea Police Department, the EKU Police Department is not a "person" that can be sued under 42 U.S.C. § 1983. Further, Muncy's federal claims against EKU and Johnson, Kirunchyk, and Brandenberg in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *See Harrison v. Chitwood*, No. 5:12-CV-336-JMH, 2013 WL 593994

(E.D. Ky. Feb. 15, 2013) (citing *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008)). *See also* Ky. Rev. Stat. § 164.950 (allowing a public institution of postsecondary education to establish a police department and appoint police officers).

Muncy's conclusory allegation that Johnson, Kirunchyk, and Brandenberg lacked probable cause to detain her is insufficient to state a plausible claim for relief under the Fourth Amendment. In other words, Muncy's claim fails because it is based on a mere legal conclusion and is not supported by any facts that push her claim across the line from possible to plausible. *See Rice v. Jones*, No. 22-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023). Accordingly, her claim that Defendants Johnson, Kirunchyk, and Brandenberg unlawfully detained her in violation of the Fourth Amendment will be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Muncy will be permitted to proceed with her claim that Johnson, Kirunchyk, and Brandenberg used excessive force against her. "An officer's use of force is excessive if, under the totality of the circumstances, the force was objectively unreasonable." *Moore v. City of Memphis*, 853 F.3d 866, 870 (6th Cir. 2017). While her factual allegations are limited, she does claim that the officers "escalated their aggression" toward her despite her compliance. She further alleges that their actions caused her to sustain a dislocated breast implant and various other cuts, bruises, scratches, and "nerve damage." [*See* Record No. 12 at 8.] Accordingly, Muncy's claims of excessive force and negligence against Officers Johnson, Kirunchyk, and Brandenberg in their individual capacities may go forward.[2]

---

[2] The defendants contend that they are entitled to qualified immunity. However, the Sixth Circuit has recognized that this fact intensive analysis is generally inappropriate at the motion to dismiss stage. *See Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015). Although the Court declines to resolve this question at this point in the proceedings, the defendants are free to raise it

### I.    Intentional Infliction of Emotional Distress

Muncy alleges that the "defendants" are liable for intentional infliction of emotional distress ("IIED"). [*See* Record No. 12 at 8.] However, she has failed to plead this claim with any particularity. A claim for IIED requires intentional or reckless conduct that is so extreme or outrageous as to go beyond all bounds of decency such that it is "utterly intolerable in a civilized community." *K.K. by and through J.K. v. Clark Cnty. Bd. of Educ.*, 439 F. Supp. 3d 905, 921 (E.D. Ky. 2020) (quoting Restatement (Second) of Torts § 46, cmt. d). Muncy has not identified any conduct that meets this threshold for outrageousness, let alone linked such conduct to any particular defendant. Accordingly, her claims for IIED fail as a matter of law.

### J.    Claims for Injunctive Relief

In addition to those the Court has already addressed, Muncy makes claims for injunctive relief that are simply not cognizable. For example, she asks the Court to impose "systemic changes within law enforcement and judicial systems, including mandatory training on domestic violence, coercive control, and procedural fairness." [Record No. 12 at 9] But Muncy has not identified any particular policy she seeks to challenge, demonstrated that she has standing to do so, or linked a policy to any defendant. Thus, these requests for injunctive relief will be denied.

Likewise, Muncy's request for criminal investigations and judicial inquiries is a nonstarter, as this Court lacks authority to grant such relief. *See e.g., Saro v. Brown,* 11 F.

---

subsequently. The Court also declines the defendants' request to deem Muncy's negligence claim untimely at this juncture. [*See* Record No. 14-1 at 7.] Unlike the plaintiff in *Bradford v. Bracken County*, 767 F. Supp. 2d 740 (E.D. Ky. 2011), Muncy's delay in obtaining summons may have been due this Court's review of her initial *pro se* filings. The defendants are free to renew this argument after further factual development of the record.

App'x 387, 388 (6th Cir. 2001). *See also Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-309 (6th Cir. 2004) ("Furthermore, as a private citizen, [the plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

### IV. Motion to Amend Complaint and Motion to Deny Defendants' Motions

Muncy seeks leave to amend her complaint for a second time. However, she has not provided a proposed second amended complaint, nor does she give any indication of how a new complaint would be different than the current operative pleading. [*See* Record No. 25 at 5.] Accordingly, the cannot assess the appropriateness of permitting the amendment and the motion for leave to amend will be denied. *Blevins v. Eastern Ky. Univ.*, No. 5:18-CV-190-REW, 2019 WL 150868, at *1 (E.D. Ky. Jan. 8, 2019) (citing *Roskam Baking Co., Inc. v. Lanham Mach. Co.*, 288 F.3d 895, 906-07 (6th Cir. 2002)).

Muncy also filed a motion "to deny defendants' motion to dismiss, proceed with discovery, and confirm amendment of complaint and relief sought." [Record No. 38] To the extent the motion constitutes an additional request to file a second amended complaint, it does not include a proposed complaint nor does it state the specific amendments Muncy seeks to make. Muncy's request to proceed with discovery is procedurally improper, as this matter has not progressed beyond the pleading stage. Finally, her request to deny defendants' motions does not include any substantive legal arguments. This motion also will be denied.

### V.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Clerk of the Court is directed to **TERMINATE** Tyler Heflin as a defendant in this matter since he is not mentioned in the operative pleading [Record No. 12].

2.  The motions to dismiss filed by University of Kentucky Psychiatric and Behavioral Healthcare and Eastern State Hospital [Record No. 15]; Nanci M. House [Record No. 16]; Emily Campbell [Record No. 18]; Kimberly Walson and William Fooks [Record No. 19]; David Muncy [Record No. 20]; Snehamala Veeravalli and Adam Roe [Record No. 28]; and Berea Police Department and Officers Sam Shearer and Steve Wood [Record No. 32] are **GRANTED**. The Clerk of the Court is directed to **TERMINATE** these individuals and entities as parties to this action.

3.  The motion to dismiss filed by the EKU Police Department and Officers Marcus Johnson, Derek Kirunchyk, and Kenny Brandenburg [Record No. 14] is **GRANTED**, in part, and **DENIED**, in part. The Clerk of the Court is directed to **TERMINATE** Eastern Kentucky University Police Department as a party to this action.

4.  Muncy may proceed with her Fourth Amendment excessive force and negligence claims against Defendants Marcus Johnson, Derek Kirunchyk, and Kenny Brandenburg in their individual capacities.

5.  Muncy's motion to file an amended complaint [Record No. 25] is **DENIED**.

6.  Muncy's motion to deny defendants' motions and proceed with discovery [Record No. 38] is **DENIED**.

Dated: April 2, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky