UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEGHAN A. MUNCY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-272-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID MATTHEW MUNCY, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Dr. Samuel Potter and Dr. Rachèle Yadon have filed a motion to dismiss Plaintiff Meghan Muncy's claims against them.  [Record No. 50]  Although Muncy failed to file a response within the time permitted, the Court has considered the defendants' motion on the merits.  The motion to dismiss will be granted because Muncy has failed to state a plausible claim for relief against Potter or Yadon.

Muncy's allegations against Potter and Yadon arise from her claim of a wide-ranging conspiracy between her ex-husband and multiple healthcare professionals, law enforcement officers, attorneys, and court officials to deprive her of custodial rights to her children.  Muncy alleges that Potter and Yadon were physicians at the University of Kentucky Psychiatric and Behavioral Healthcare who "supported and perpetrated false medical narratives that contributed to [her] wrongful detention."  [Record No. 12 at 4]  She further alleges that "the team at the University of Kentucky Psychiatric and Behavioral Healthcare" fabricated medical records, misused psychiatric records to discredit her, and communicated confidential information without her consent.  *Id.* at 6-7.  She alleges that these actions constitute a violation

- 1 -

of her constitutional rights to due process and familial association, a civil conspiracy, and intentional infliction of emotional distress. [*See generally* Record No. 12.]

The Sixth Circuit has recognized that parents have a fundamental liberty interest in family integrity which includes the right to the care, custody, and control of their children that is protected by the due process guarantees of the Fourteenth Amendment. *See Kottmyer v. Maas*, 436 F.3d 684, 689-90 (6th Cir. 2006); *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000). But to prove that Potter and Yadon conspired to deprive her of such an interest, Muncy must establish that there was a single plan to deprive her of this fundamental liberty interest; that Potter and Yadon subjectively shared in the plan's illegal objective; and that a co-conspirator took an overt act to carry out the plan. *See Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 887 (6th Cir. 2024).

As the Court explained previously, Muncy has not alleged facts indicating that a single plan existed to deprive her of a constitutional right. [*See* Record No. 48 at 8.] Moreover, Muncy's conclusory allegation that Potter and Yadon conspired with her ex-husband is insufficient to state a claim upon which relief can be granted. Muncy claims that Potter and Yadon misrepresented her mental health, which adversely affected her ability to gain custody of her children. However, there is no indication that Potter and Yadon were aware of Muncy's ongoing child custody issues and there are certainly no factual allegations to suggest the defendants acted with the objective of interfering with Muncy's parental rights.

Muncy's factual allegations against Potter and Yadon do not otherwise give rise to a viable claim for relief. To the extent she claims they fabricated, misused medical records, or "perpetuated a false narrative," these allegations are simply too vague to support any cognizable claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a complaint need not contain "detailed factual allegations," but it must assert sufficient facts to provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests").

And while Muncy contends that Potter and Yadon communicated confidential medical information without her consent, there is no private right of action under the Heath Insurance Portability and Accountability Act, 42 U.S.C. § 201 *et seq.* ("HIPAA"). *Thomas v. Dep't. of Health & Human Servs.*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) (collecting cases). Muncy has not alleged any other independent cause of action arising from the defendants' alleged disclosure of medical information. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (observing that courts are not required to conjure unpled allegations or guess at the nature of *pro se* plaintiffs' claims). Further, with respect to Muncy's claim for intentional infliction of emotional distress, she has not identified any conduct that is so extreme or outrageous that it is "utterly intolerable in a civilized community." *See K.K. by and through J.K. v. Clark Cnty. Bd. of Educ.,* 439 F. Supp. 3d 905, 921 (E.D. Ky. 2020) (quoting Restatement (Second) of Torts § 46, cmt. d). Accordingly, it is hereby

**ORDERED** as follows:

1.      The motion to dismiss filed by Defendants Potter and Yadon [Record No. 50] is **GRANTED**.

2.      This matter is **REFERRED** to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all further pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions.

3.      The Clerk of the Court is directed to assign this matter to a United States Magistrate Judge consistent with the Court's General Order.

Dated: May 16, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky