UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEGHAN A. MUNCY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-272-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID MATTHEW MUNCY, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

All remaining claims asserted by Plaintiff Meghan Muncy against Defendants Marcus Johnson, Derek Kirunchyk, and Kenny Brandenburg, as well as any claims asserted against any John Doe defendant, were dismissed on February 24, 2026, due to Muncy's repeated failure to comply with procedural rules and court orders, as well as her lack of participation in the litigation process. [Record Nos. 68 and 69] Muncy failed to comply with Local Rule 5.3, did not comply with the United States Magistrate Judge's Order compelling discovery, and did not respond to the defendant's motions. Although the Court directed her to show cause for these deficiencies by January 23, 2026, she failed to respond. [*See* Record No. 66.]

The record further reflects that her last communication with defense counsel occurred in September 2025, demonstrating a prolonged period of inactivity. Additionally, the orders filed and mailed on November 4, 2025, and January 15, 2026, were returned undeliverable, reflecting the plaintiff's failure to keep the Clerk of Court informed of her current contact information, as required. [*See* Record No. 65 and 67.]

More than one month after the Court dismissed her case, Muncy filed a Notice of Change of Address and a motion pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure, seeking relief from the Judgment dismissing her claims.  [Record Nos. 70 and 71]  The Court denied Muncy's 60(b) motion because she has failed to establish that circumstances warrant relief from judgment.  [Record No. 72]  Specifically, although incarceration may be relevant to an excusable neglect analysis, it does not by itself establish excusable neglect without evidence that it prevented her from making reasonable efforts to update the Court or monitor the case.  [*Id.*]

Muncy now moves to alter or amend the judgment under Rule 59(e).  [Record No. 73]  She contends that relief is necessary to correct a manifest error of fact and to prevent manifest injustice.  [*Id*. at 1]  Muncy argues that her argument does not rest on incarceration alone.  [*Id*. at 2]  Instead, she asserts that her mailing address became invalid during her incarceration when her post office box expired.  [*Id*.]  According to Muncy, she maintained a valid post office box when she was taken into custody on October 2, 2025 and, therefore, had no obligation at that time to notify the Court of an address change at that time.  [*Id*.]  She further explains that her post office box expired on October 30, 2025, and that, because she remained in custody, she could not access the post office or her mail.  [*Id*. at 2–3]  Muncy further contends that she could not comply with Local Rule 5.3 during her incarceration because she lacked access to her mail, her post office box, court correspondence, and any means to communicate with the Court.  [*Id.* at 3]

The Court may alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Howard v. Magoffin Cnty. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2011) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  The Sixth

Circuit, however, has consistently held that a Rule 59 motion should not be used to either reargue a case on the merits or issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted).  Simply put, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court."  *Id*.

Muncy offers no new argument explaining why she was unable to send mail or otherwise communicate with the Court while incarcerated.  She continues to rely on her incarceration to excuse her complete lack of communication with the Court and her failure to provide an accessible mailing address, including the facility where she was incarcerated.  But the fact that a plaintiff is incarcerated does not absolve the party of the responsibility to prosecute a lawsuit in a diligent manner.  She identifies no basis under Rule 59(e) to disturb the prior decision.  Instead, the present motion attempts to reassert argument the Court has already considered and rejected, which Rule 59(e) does not permit.

Accordingly, it is hereby

**ORDERED** that Plaintiff Muncy's Motion to Alter or Amend Judgment Under Rule 59(e) [Record No.73] is **DENIED**.

Dated:  April 20, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky

- 3 -